## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **PAULETTE MARTIN,** | * | |
| Petitioner, | * | |
| v. | * | Civil Action No. RWT-12-1588 |
| | | Criminal No. RWT-04-00235 |
| **UNITED STATES OF AMERICA,** | * | |
| Respondent. | * | |
| | * | |

### MEMORANDUM OPINION

Pending is Petitioner Paulette Martin's Motion to Vacate, Set Aside, or Correct Sentence Under 28 U.S.C. § 2255.  Upon review of the papers filed, and for the reasons stated below, the Court will deny Martin's Motion.

### BACKGROUND

Martin was the ringleader of a sprawling drug distribution conspiracy.  After a lengthy trial, she was convicted by a jury for her role in that conspiracy on August 31, 2006.  ECF No. 935.  On December 19, 2006, this Court sentenced Martin to life in prison.[1]  ECF No. 1059.  The Fourth Circuit upheld her conviction and sentence.  ECF No. 1480.  On May 29, 2012, Martin filed a Motion for Retroactive Application of Sentencing Guidelines to Crack Cocaine Offense.  ECF No. 1518.  By order dated August 8, 2012, the Court notified Martin of its intent to construe her motion as a motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255.  ECF No. 1539.  Martin responded, requesting that the motion not be construed as a § 2255 motion.  ECF No. 1548.  After a flurry of correspondence, the Court on November 7, 2013 again ordered that Martin's original motion would be construed as a § 2255

---

[1] The judgment was later amended to correct a clerical error.  ECF No. 1426.

motion, and granted Martin additional time to advise the Court as to how she wished to proceed. ECF No. 1657.  Martin submitted correspondence again requesting that her original motion not be construed as a § 2255 motion, and requesting 120 days to file a proper § 2255 motion. ECF No. 1670.  The Court directed the Government to respond within 30 days to Martin's request for 120 days to file a § 2255 motion, ECF No. 1669, but the government failed to do so. Accordingly, Martin filed a Motion to Vacate under 28 U.S.C. § 2255 on July 21, 2014.[2] ECF No. 1697.  The Government responded on October 22, 2014.  ECF No. 1719.

In her Motion for Retroactive Application of the Sentencing Guidelines, Martin seems to assert that she is entitled to a lower sentence in light of *DePierre v. United States*, 131 S. Ct. 2225 (2011).[3]  ECF No. 1518.  In her Motion to Vacate Under 28 U.S.C. § 2255, Martin argues that this Court's sentence is contrary to *Alleyne v. United States*,

---

[2] Apparently, Martin retained counsel (different from her trial and appellate counsel) to file a § 2255 motion on her behalf.  Counsel assured Martin that a "motion to vacate" had been filed with this Court that would supposedly toll the statute of limitations for filing a § 2255, ECF No. 1697-6 at 2, and later assured her that a § 2255 motion had been filed with this Court on February 18, 2013.  ECF No. 1697-7.  The Court never received any of these filings (counsel suggested the failure of the filings to appear on the docket was because "the jidge [sic] is sitting on it," ECF No. 1697-8, even though judges are not responsible for docketing and filings can be done electronically through CM/ECF).  Moreover, Martin's § 2255 counsel never entered an appearance with the Court.  Somewhat contradictorily, counsel also asserted to Martin that, because she had filed a *pro se* motion that the Court was prepared to construe as a § 2255 motion, her ability to receive § 2255 relief was foreclosed.  ECF No. 1697-12.  Had counsel reviewed Martin's docket, he would have been aware of Martin's original motion, filed in 2012, long before the filings he purportedly made in 2013.  Moreover, if counsel had actually reviewed the Court's orders, he would have seen that the Court gave Martin several options with regard to her *pro se* motion, including supplementing or withdrawing it.  ECF Nos. 1539 and 1657.  Indeed, the Court granted Martin leave to file a subsequent § 2255 motion, which Martin filed *pro se* and which is now being addressed on its merits.  ECF No. 1698.  However, Martin's § 2255 counsel, having determined prematurely that the Court would not consider a § 2255 motion, and having failed to actually file the § 2255 motion he claimed he had filed, instead filed a petition under 28 U.S.C. § 2241 in the United States District Court for the Northern District of Alabama.  Case No. 7:13-cv-01800-CLS-JHE (N. D. Ala.).  As of the date of this opinion, that petition remains pending.
[3] Martin purports to disclaim this motion.  ECF No. 1697-1 at 3.  However, the Court will still consider the motion on its merits.

133 S. Ct. 2151 (2013).  ECF No. 1697 at 14.  She further argues that she suffered ineffective assistance of counsel.[4]  *Id.* at 40.  None of Martin's arguments has merit.

## ANALYSIS

Under 28 U.S.C. § 2255(a), a prisoner in custody may file a motion to vacate, set aside, or correct a sentence, "claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). Pursuant to 28 U.S.C. § 2255(b), the Court may deny the motion without a hearing if "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b); *see, e.g.*, *Zelaya v. United States*, No. DKC 05-0393, 2013 WL 4495788, at *2 (D. Md. Aug. 20, 2013).

### I.    Martin's Claims Regarding Sentencing

### A. *DePierre* claim

In her Motion for Retroactive Application of the Sentencing Guidelines, Martin seems to assert that the Supreme Court's decision in *DePierre* could possibly be a basis for a lower sentence, and asks the Court "that this motion be granted and the time clock be stopped until all relative submissions relating to defendants appeals and resentencing is completed." ECF No. 1518.  Martin's faith in *DePierre* is misplaced.  The Supreme Court held in *DePierre* that the term "cocaine base" in 18 U.S.C. § 841(b)(1)(A)(iii) referred to all forms of cocaine that could chemically be described as basic cocaine, and not just the form commonly known as

---

[4] Martin presents this issue as "Whether Petitioner's Counsel was Ineffective Both at the Trial and Appeal Levels," ECF No. 1697 at 30, but only argues that her attorney was ineffective at sentencing.

"crack cocaine." *DePierre*, 131 S. Ct. at 2227-28. *DePierre's* holding means that more substances are considered "cocaine base," and are thus subject to harsher penalties for possession with intent to distribute, relative to quantity, than powder cocaine. In other words, the effect of *DePierre* is to broaden, not narrow, the subset of cocaine substances that are subject to higher sentences.[5] Thus, application of *DePierre* could only lead to a higher sentence for a defendant. It is of no use to a defendant seeking to lower her sentence.

## B. *Alleyne* Claim

*Alleyne* also does not give Martin sentencing relief. *Alleyne* held that "facts that increase *mandatory minimum* sentences must be submitted to the jury." *Alleyne*, 133 S. Ct. at 2163 (emphasis added). Similarly, any fact that increases the maximum sentence must be submitted to a jury. *Apprendi v. New Jersey*, 530 U.S. 466, 490 (2000).

Here, the jury found that Martin was responsible for possession with intent to distribute at least 1 kilogram of heroin and 5 kilograms of cocaine. Those facts, properly found by the jury and not the Court, were each independently enough to raise her maximum possible sentence to life in prison.[6] *See* 21 U.S.C. § 841(b)(1)(A). To the extent the Court determined Martin was responsible for a higher quantity of drugs, that finding only affected the calculation of her sentencing guidelines range, not the statutory minimum or maximum sentence. Facts that affect only sentencing guideline calculations do not need to be submitted to a jury. *See Alleyne*,

---

[5] The Court also notes that because of the amount of heroin and powder cocaine the jury determined was attributable to Martin, she would have been subject to a 10-year minimum sentence even without the cocaine base conviction.
[6] Martin does not challenge the prior conviction that was used to increase the mandatory minimum to 20 years.

133 S. Ct. at 2163 ("Our ruling today does not mean that any fact that influences judicial discretion must be found by a jury.").[7]   Martin's sentence was not contrary to *Alleyne*.

## II.     Martin Received Effective Assistance of Counsel

Martin claims she received ineffective assistance of counsel during plea negotiations and at sentencing.   Ineffective assistance of counsel claims are analyzed under the rubric of *Strickland v. Washington*, 466 U.S. 668 (1984).   The *Strickland* analysis requires a defendant to make two showings to establish ineffective assistance of counsel: that counsel's performance was so deficient as to be objectively unreasonable, and that there is a reasonable probability that, but for counsel's unreasonable performance, the outcome of the case would have been different. *Id.* at 687-94.   When evaluating counsel's performance, the Court "must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id*. at 689.   Martin fails to overcome this strong presumption.

### A.  Alleged Failure to Inform of Risk of Going to Trial

Martin alleges that her sentence should be vacated or lowered because "her trial attorney didn't explain too well the implication and the stiff sentence if she were to go to trial." ECF No. 1524 at 2.   Martin appears to be arguing that her attorney should have convinced her to accept a plea deal instead of going to trial.   To demonstrate ineffective assistance of counsel here, Martin must show that her attorney gave her deficient advice regarding a plea offer, causing her to reject the plea and then to receive a harsher sentence after being convicted at trial. *Lafler v. Cooper*, 132 S. Ct. 1376, 1387-88 (2012).

---

[7] Martin also argues that she should be granted retroactive relief due to the reduction in sentencing guidelines for crack cocaine offenses.   Because she was also convicted of sufficient powder cocaine and heroin to justify her life sentence, both under statute and application of the sentencing guidelines, the reduction in sentencing guidelines for crack cocaine offenses cannot benefit Martin.

*Laffler* requires that a defendant receive competent counsel regarding the decision to accept or reject a plea offer. *Id.* An attorney's performance at this stage may fall below an objective standard of reasonableness when the attorney advises his client to reject a plea offer based on a gross miscalculation of sentencing exposure if convicted at trial, or provides deficient advice regarding the probability of success at trial. *See United States v. Ray*, 547 Fed. App'x. 343, 344-45 (4th Cir. 2013) (remanding for evidentiary hearing where petitioner credibly alleged that counsel advised him to reject plea offer based on 20-year miscalculation of sentencing exposure if convicted at trial, as well as erroneous understanding of law leading to overestimation of chance of acquittal). However, it is still incumbent upon Martin to make sufficiently concrete factual allegations to support her claim. *Nickerson v. Lee*, 971 F.2d 1125, 1136 (4th Cir.1992) ("[u]nsupported, conclusory allegations do not entitle a habeas petitioner to an evidentiary hearing"), *abrogated on other grounds*, *Gray v. Netherland*, 518 U.S. 152, 165–66 (1996).

Martin's argument regarding her attorney's failure to inform her of the risks of going to trial is nothing more than an unsupported, conclusory allegation. Her only allegation is that her attorney "didn't explain too well" the risk of going to trial. Martin does not allege that there was any formal plea offer. She does not allege that her attorney miscalculated her sentencing exposure. She does not allege that her attorney overestimated the probability of acquittal. She does not provide any factual detail whatsoever regarding any advice she received, deficient or otherwise, regarding the decision to accept a guilty plea or go to trial. Accordingly, she has failed to make out a claim of ineffective assistance of counsel.

**B.  Sentencing**

Martin alleges that her attorney was ineffective at sentencing.  Consistent with *Strickland*, Martin needs to show that her attorney's performance was objectively unreasonable and that there is a reasonable probability the performance deficiencies resulted in her receiving a higher sentence than she would have otherwise received.

The basis of Martin's argument regarding her attorney's performance at sentencing is that he did not adequately challenge two enhancements to her offense level: a two-point firearms enhancement, and a four-point leadership role enhancement.  ECF No. 1697 at 31-39.   In fact, Martin's attorney vigorously challenged both of these enhancements with the same arguments Martin now says he should have made.

**1.  Counsel was Effective in Arguing Against the Firearms Enhancement**

As to the two-point firearms enhancement, Martin's attorney challenged this enhancement on the basis that there was no evidence showing Martin ever possessed a gun, directed anyone else to possess a gun, or even knew that any of her co-conspirators possessed a gun.  ECF No. 1719-2 at 5-9.   While Martin recognizes the effort her attorney made on her behalf, she argues that he was ineffective nonetheless.  Her argument is premised on case law stating that the firearm enhancement cannot apply to a defendant based on a co-conspirator's use of a gun unless it is "fair to say that it was reasonably foreseeable" to the defendant that a co-conspirator used a gun.  ECF No. 1697 at 32 (quoting *United States v. Kimberlin*, 18 F.3d 1156, 1160 (4th Cir. 1994)).  However, when her attorney cited the relevant case law, he argued that it was not "reasonably foreseeable" to Martin that her co-conspirators possessed guns, omitting the "fair to say" language.

This falls far short of *Strickland's* requirement that counsel's performance be objectively unreasonable.  The difference between a standard articulated as "it is fair to say it was reasonably foreseeable" and a standard articulated as "it was reasonably foreseeable" is superficial.  "Fair to say" is not a magic phrase that heightens the standard for applying an enhancement based on the actions of co-conspirators.

Similarly, Martin argues that her attorney was ineffective because he failed to quote, verbatim, case law stating that absent "evidence of *exceptional circumstances*, it [is] fairly inferable that a codefendant's possession of a dangerous weapon is foreseeable to a defendant with reason to believe that their collaborative criminal venture includes an exchange of controlled substances for a large amount of cash."  ECF No. 1697 at 33 (quoting *Kimberlin*, 18 F.3d at 1160).  Martin claims her attorney was ineffective because he did not specifically use the phrase "exceptional circumstances" in his argument that she did not have knowledge any of her co-conspirators possessed guns.  *Id.*  However, her attorney specifically made the argument that Martin should not be held responsible for firearms she did not even know existed. ECF No. 1719-2 at 6 ("Nor was there any suggestion of her knowledge of the possession of firearms by CoDefendants Dobie and Bynum.").  That he did not use the precise phrase "exceptional circumstances" does not render his performance objectively unreasonable.  To hold Martin's attorney to such an exacting standard would be to ignore the Supreme Court's admonishment that "counsel is strongly presumed to have rendered adequate assistance." *Strickland*, 466 U.S. at 690.

Moreover, Martin cannot show prejudice on these facts.  Her entire argument rests on the notion that there is a reasonable probability that her attorney's failure to utter five words caused

her to receive a harsher sentence. In addition to addressing the firearm and leadership role issues, Martin's attorney made various other arguments in an attempt to lower her sentence, including arguments addressing the drug quantities attributable to Martin, her criminal history, and the factors outlined in 18 U.S.C. § 3553(a). ECF No. 1719-2. Given the extensive arguments presented on Martin's behalf at sentencing, there is not a reasonable probability that using or not using five words in two of these arguments could have had any effect on the outcome of Martin's sentence.

**2. Counsel was Effective in Arguing Against the Leadership Role Enhancement**

Martin argues that her attorney was ineffective in arguing against her leadership role enhancement because "the only defense he offered…was a twelve-line one-paragraph statement in which he basically asserted that Petitioner had no degree of control over the other participants in the conspiracy," a defense that was allegedly inadequate because he "did not cite any case law or referenced that fact that the enhancement was not appropriate in a buyer/seller relationship." *Id.* at 38. While Martin's attorney did offer an abbreviated oral argument on this point, the oral argument was abbreviated because the issue was fully argued in Martin's sentencing memorandum. In that memorandum, Martin's attorney cited case law setting forth when the leadership role enhancement is appropriate, exhaustively explained the typical structure of a narcotics distribution organization, and attempted, at length, to distinguish Martin's role in this conspiracy from that of the leader of a typical narcotics organization, arguing that instead of directing "employees," she merely sold to customers in relatively small amounts. ECF No. 1719-2 at 9-11. Martin's position was fully articulated, both in writing and orally. That the oral argument, so as to avoid needless repetition, was a truncated version of the written

argument does not render counsel's performance objectively unreasonable, nor could it have prejudiced Martin.

## CERTIFICATE OF APPEALABILITY

Martin may not appeal this Court's denial of relief under 28 U.S.C. § 2255 unless it issues a certificate of appealability. *United States v. Hardy*, 227 Fed. Appx. 272, 273 (4th Cir. 2007). A certificate of appealability will not issue unless Martin has made a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c); *Hardy*, 227 Fed Appx. at 273. "A prisoner satisfies this standard by demonstrating that reasonable jurists would find that any assessment of the constitutional claims by the district court is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable." *United States v. Riley*, 322 Fed. Appx. 296, 297 (4th Cir. 2009).

This Court has assessed the claims in Martin's motion to vacate her sentence on the merits and found them deficient. No reasonable jurist could find merit in any of Martin's claims, and therefore no certificate of appealability shall issue.

## CONCLUSION

For the aforementioned reasons, Martin's motion will be denied and no certificate of appealability shall issue.  A separate Order follows.

Date: <u>February 20, 2015</u>                              <u>          /s/          </u>
                                                                    ROGER W. TITUS
                                                          UNITED STATES DISTRICT JUDGE